FILED
2008 NOV -6 AM 10: 20
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

LINDA JAHNKE, )
)
    Plaintiff, ) Civil Action No. 3 08 1074
)
v. ) **JUDGE HAYNES**
)
PURVIS PRESHA and BANKERS ) **JURY DEMANDED**
LIFE & CASUALTY COMPANY, )
)
    Defendants. )

## NOTICE OF REMOVAL

Defendant Bankers Life & Casualty Company ("Bankers"), pursuant to 28 U.S.C. §§ 1441 and 1446, and through its undersigned attorneys, hereby gives notice of removal of the action entitled+ <u>Linda Jahnke v. Purvis Presha and Bankers Life & Casualty Company</u>, No 08-2099-III[1], to the United States District Court for the Middle District of Tennessee. In support of this Notice of Removal Bankers states:

**I.    Grounds for Removal.**

    1    28 U.S.C. § 1441, which establishes when an action is removable, sets forth, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

---

[1] A copy of Plaintiff's Complaint and process served upon Bankers is attached as Exhibit A

2. The Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. § 1332 - diversity of citizenship.

### A. Amount in Controversy.

3. Section 1332(a) states, in relevant part, that jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

4. As shown in the Plaintiffs' Complaint, the "amount in controversy" in this action is not less than $500,000.00. Complaint at p 11.

### B. Citizenship of the Defendants.

5. Section 1332(a) states, in relevant part, that jurisdiction exists "where the matter in controversy ... is between ... citizens of different States." 28 U.S.C. § 1332(a).

6. As alleged in the Complaint, Plaintiff Linda Jahnke resides in Wayne County, Tennessee.

7. Defendant Bankers is a corporation organized under the laws of a State other than Tennessee and with its principal place of business in Illinois. Complaint, p 1.

8. Defendant Purvis Presha is a citizen of the State of Tennessee, residing in Davidson County, Tennessee. Complaint, p.2. As of the date of the signing of this Notice of Removal, there is no return of service on file with the Clerk and Master of the Davidson County Chancery Court as to Purvis Presha and thus service on that defendant is not complete. Thus, under 28 U.S.C. § 1441(b), removal is proper. See McCall v. Scott, 239 F.3d 808, 813 n. 2 (6th Cir. 2001) ("[w]here there is complete diversity of citizenship ... the inclusion of an *unserved* resident defendant in the action does not defeat removal under 18 U.S.C. § 1441(b)") (citations omitted) (emphasis in original).

## II. Removal is Timely.

9. 28 U.S.C. § 1446 establishes the time frames and procedure to properly effectuate removal.

10. Section 1446(b) sets forth, in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action upon which such action or proceeding is based...

28 U.S.C. § 1446(b).

11. The Complaint was filed on September 19, 2008 and Bankers was served on November 3, 2008, as reflected in Exhibit A.

12. Thus, the Notice of Removal has been timely filed.

## III. All Other Procedures for Removal have been Followed.

13. The Complaint attached as Exhibit A constitutes "all process, pleadings and orders" received by Bankers to date. See 28 U.S.C. § 1446(a).

14. All adverse parties to this action have been provided with written notice of the filing of this removal, as provided by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service.

15. Bankers also has caused to be filed with the Chancery Court of Davidson County, a copy of this Notice of Removal, as provided by 28 U.S.C. § 1446(b), as evidenced by the attached Certificate of Service showing that service has been made on the Clerk and Master of the Davidson County Chancery Court. See 28 U.S.C. § 1446(d).

Respectfully submitted,

By: _____
Martin B. Bailey, BPR #15370
John L. Miller, BPR #022192
**WAGNER, MYERS & SANGER, P.C.**
1801 First Tennessee Plaza
Knoxville, TN 37929
(865) 525-4600; (865) 291-0419 (fax)
*Counsel for Defendant*
*Bankers Life & Casualty Company*

## CERTIFICATE OF SERVICE

I, Martin B. Bailey, hereby certify that on the 5th day of November, 2008, I served a copy of the foregoing Notice of Removal on the following:

Clerk and Master
Davidson County Chancery Court
Suite 308
1 Public Square
Nashville TN 37201

Nader Baydoun
Stephen C. Knight
Christopher J. Oliver
**BAYDOUN & KNIGHT, PLLC**
Fifth/Third Center
424 Church Street, Suite 2650
Nashville, Tennessee 37219-2461

_____
Martin B. Bailey