

CORPORATION SERVICE COMPANY

# Notice of Service of Process

AP1 / ALL
Transmittal Number: 6154590
Date Processed: 11/04/2008

| | |
|---|---|
| Primary Contact: | Rita Mennen<br>Conseco, Inc.<br>11825 N. Pennsylvania Street<br>Carmel, IN 46032 |

| | |
|---|---|
| Entity: | Bankers Life and Casualty Company<br>Entity ID Number 2425585 |
| Entity Served: | Bankers Life and Casualty Company |
| Title of Action: | Linda Jahnke vs. Purvis Presha |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Chancery Court for the 20th Judicial District of Davidson County at Nashville, Tennessee |
| Case Number: | 08-2099-III |
| Jurisdiction Served: | Tennessee |
| Date Served on CSC: | 11/03/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Christopher J. Oliver<br>615-256-7788 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s) It does not constitute a legal opinion The recipient is responsible for interpreting the documents and taking appropriate action

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo com

EXHIBIT A



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

October 30, 2008

Bankers Life & Casualty Co
2908 Poston Avenue, % C S C
Nashville, TN 37203
NAIC # 61263

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 1830 0000 6980 2073
Cashier # 5428

Re: Linda Jahnke V. Bankers Life & Casualty Co

Docket # 08-2099-III

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter

I hereby make oath that the attached Breach Of Contract Complaint was served on me on September 29, 2008 by Linda Jahnke pursuant to Tenn. Code Ann § 56-2-504 or § 56-2-506 A copy of this document is being sent to the Chancery Court of Davidson County, TN

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
Davidson County
One Public Square, Suite 308
Nashville, Tn 37201

Service of Process 615 532 5260

FILE COPY

| STATE OF TENNESSEE<br>20TH JUDICIAL DISTRICT<br>CHANCERY COURT | SUMMONS<br>FILED<br>2008 SEP 19 PM 1:26<br>CLERK & MASTER<br>DAVIDSON CO CHANCERY CT | CASE FILE NUMBER<br>08-2099-III |
|---|---|---|
| PLAINTIFF<br><br>LINDA JAHNKE | DEFENDANT<br><br>PURVIS PRESHA & BANKERS LIFE<br>AND CASUALTY COMPANY | |

TO: (NAME AND ADDRESS OF DEFENDANT)

BANKERS LIFE & CASUALTY COMPANY
600 WEST CHICAGO AVENUE
CHICAGO, IL 60610

—————D.C.&M   9/25/08

SERVE THRU AGENT FOR PROCESS OF SERVICE:

TN DEPT OF COMMERCE & INSURANCE
500 JAMES ROBERTSON PKWY
NASHVILLE, TN 37243

YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>Nader Baydoun-Stephen Knight-Christopher J. Oliver<br>Baydoun & Knight, PLLC<br>424 Church Street<br>Fifth Third Center, Suite #2650<br>Nashville, TN 37219-2301<br>(615) 256-7788 | FILED, ISSUED & ATTESTED<br><br>By: _____<br><br>Deputy Clerk & Master | Clerk and Master<br>2 Metropolitan Courthouse<br>One Public Square<br>Nashville, TN 37201 |

## NOTICE OF DISPOSITION DATE

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| TO THE SHERIFF: | DATE RECEIVED<br><br>Sheriff |
|---|---|

***Submit one original plus one copy
for each defendant to be served.

## RETURN ON SERVICE OF SUMMONS

I hereby return this summons as follows: (Name of Party Served) _____

☐ Served _____
☐ Not Served _____
☐ Not Found _____
☐ Other _____

| DATE OF RETURN: | By: |
|---|---|
| | Sheriff/or other authorized person to serve process |

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____, on the _____ day of _____, 20___ I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___ The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20___. <br> Signature of ____ Notary Public or ____ Deputy Clerk | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process |
|---|---|
| My Commission Expires: _____ | |

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Mail list to: Clerk & Master
#2 Metro Courthouse
Nashville TN 37201

Please state file number on list

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

## CERTIFICATION (IF APPLICABLE)

| I, Cristi Scott, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case | CRISTI SCOTT, Clerk & Master <br><br> By: <br><br> D.C. & M. |
|---|---|

IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE
20TH JUDICIAL DISTRICT, DAVIDSON COUNTY
AT NASHVILLE

LINDA JAHNKE,

    Plaintiff,

v

PURVIS PRESHA and BANKERS
LIFE & CASUALTY COMPANY,

    Defendants.

Jury Demand - 12

Civil No: 08-2099-III

## COMPLAINT

Linda Jahnke brings this civil action against Defendants upon the following grounds:

1. Linda Jahnke ("Mrs Jahnke") is a resident of Wayne County, Tennessee

2. Neal Jahnke ("Mr Jahnke" and, collectively with Mrs Jahnke, "the Jahnkes") is the husband of Linda Jahnke. He is also a resident of Wayne County Tennessee and he acted as the authorized representative of Mrs Jahnke at all times relevant to this lawsuit

3. The Bankers Life & Casualty Company ("Bankers Life") is a foreign corporation licensed to do business in the State of Tennessee Its principle place of business is 600 West Chicago Avenue, Chicago, Illinois 60610. Its agent for service of process is the Commissioner of the Tennessee Department of Commerce and Insurance At all times relevant to this lawsuit, Defendant Purvis Presha acted as an agent and employee of Bankers Life.

4.      Purvis Presha ("Presha" and, collectively with Bankers Life, "Defendants") is a resident of Davidson County, Tennessee and is an employee of Bankers Life. At all times relevant to this lawsuit, Presha was, and held himself out as, a broker, agent and employee of Bankers Life.

5.      Defendants are in the business of offering investment services and financial advice, including selling annuities and other investments.

6.      In approximately June of 2006, the Jahnkes were contemplating the possibility of moving some of the money Mrs. Jahnke had invested in her 401K retirement account to investments that would provide more retirement income. Mr. Jahnke communicated with approximately 20 different companies about different investment vehicles and returns, including Defendants.

7.      Defendants subsequently called the Jahnkes and offered them an annuity with an annual 7% fixed return for a term of eight years with an option to renew for life if Mrs. Jahnke invested a minimum of $350,000.00 with Defendants (the "Bankers Life Annuity"). In addition, under the terms of the Bankers Life Annuity proposed by Defendants, no principal was to be distributed from the Bankers Life Annuity. Defendants also presented the Jahnkes with documents that confirmed the details of the proposed Bankers Life Annuity.

8. In November of 2006, Mrs. Jahnke signed the papers effecting the 401K rollover to the Bankers Life Annuity promised by Defendants. The Jahnkes requested copies of the paperwork that Mrs Jahnke signed to establish the Bankers Life Annuity The copies were not provided by Defendants to the Jahnkes until after they discovered the money was not invested as represented by Defendants On information and belief, the copies subsequently provided by Defendants were not duplicates of the original papers signed by Mrs. Jahnke at closing

9. Shortly after closing on the Bankers Life Annuity, Mrs. Jahnke received an annual statement for 2006 showing a balance of $175,000 00, which was only half of the money she had just invested with Defendants

10. Upon receiving the Bankers Life 2006 statement, the Jahnkes immediately contacted Defendants and inquired as to why the statement indicated only half of the funds Mrs. Jahnke had invested with Defendants

11. In response to the Jahnkes' inquiry, Defendants claimed that the funds were initially split into two funds of $175,000 00 each due to Presha's own error in processing the funds and Defendants assured the Jahnkes that the funds were combined after the 2006 Bankers Life statement date and invested in the Bankers Life Annuity Defendants had offered them. Defendants' explanation of the Bankers Life 2006 statement was false and was offered to the Jahnkes to conceal the true facts as to how Defendants had

- 3 -

invested Mrs Jahnke's funds Defendants also subsequently provided false documentation to the Jahnkes to support their misrepresentations

12. While Defendants misrepresented the true facts regarding the investments to the Jahnkes, Defendants actually invested Mrs Jahnke's money into two separate annuities, one for $175,000.00 that was accruing interest at a lower rate than the 7% annual return promised and paid no income, and another one for $175,000 00 that paid interest and principal in an amount that was similar to the monthly income promised to Mrs Jahnke by Defendants. Neither of the annuity products was remotely similar to the Bankers Life Annuity promised by Defendants

13 Defendants knew or should have known that Mrs Jahnke's money was not invested in the annuity that was promised to the Jahnkes.

14. Defendants continued to conceal their misrepresentations and fraud in the face of inquiries from the Jahnkes

15. In approximately December of 2007, Mrs Jahnke received another annual Bankers Life 2007 statement indicating that her Bankers Life Annuity had a balance of $183,000 00

16. After reviewing the December 2007 Bankers Life statement the Jahnkes contacted Bankers Life's corporate office and eventually learned that Mrs Jahnke's money was not invested as promised by Defendants.

**17.** Bankers Life representatives subsequently admitted that Defendants sent Mrs. Jahnke falsified reports concerning how her funds were invested by Defendants

**18.** Defendants promised to mail the Jahnkes a copy of the contract for the Bankers Life Annuity shortly after the closing but failed to deliver a copy within a reasonable amount of time

**19.** Defendants refused to honor the terms of the Bankers Life Annuity as promised to the Jahnkes and subsequently returned some of the funds to Mrs. Jahnke in the form of two separate checks totaling $324,000.00, which was less than her original investment of $350,000.00

## BREACH OF CONTRACT

**20.** Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein

**21.** The Bankers Life Annuity that was offered by Defendants and accepted by Mrs. Jahnke and is a valid, enforceable contract that was supported by adequate consideration

**22.** Defendants breached their contract with Mrs. Jahnke by refusing to provide the Bankers Life Annuity promised by Defendants.

**23.** Defendants' actions are the proximate cause of damages to Mrs. Jahnke.

**24.** Defendants are therefore liable to Mrs. Jahnke for breach of contract.

- 5 -

## INTENTIONAL MISREPRESENTATION

**25.** Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein.

**26.** Presha told Mrs. Jahnke that he would provide her with an annuity with a 7% annual return for a term of eight years with an option for a lifetime renewal and provided her with written documentation that supported Defendants' proposal. These representations were false. Presha knew that these representations were false when he made them and he intended for Mrs. Jahnke to rely upon these misrepresentations. Mrs. Jahnke did not know that these representations were false and she relied on them. She was justified in relying on these representations. As a result of her reliance on these false representations she suffered damages.

**27.** Defendants are liable for intentional misrepresentation based upon their own actions and the actions of Bankers Life's employee or agent, Presha.

## INTENTIONAL MISREPRESENTATION BY CONCEALMENT

**28.** Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein.

**29.** Defendants concealed the fact that they did not invest Mrs. Jahnke's money in the Bankers Life Annuity she was offered and accepted. Specifically, Mrs. Jahnke was promised an annuity with a 7% annual return for eight years with an option for a lifetime renewal without distributing any of the annuity's principal. Defendants had a duty to

disclose the true facts due to the fiduciary relationship that Defendants had with Mrs. Jahnke and because of Defendants' prior misrepresentations. Defendants intentionally concealed these facts with the intent to deceive Mrs. Jahnke, even after reasonable inquiries by the Jahnkes. Mrs. Jahnke was not aware of the facts and would have acted differently if the she had known these facts. As a result of the concealment and suppression of these facts, Mrs. Jahnke sustained damages.

30. Defendants are liable for intentional misrepresentation by concealment based upon their own actions and the actions of Bankers Life employee and agent, Presha.

## VIOLATION OF THE CONSUMER PROTECTION ACT

31. Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein.

32. Mrs. Jahnke is a consumer within the meaning of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*

33. The transactions between these parties involved trade or commerce that was within the scope of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*

34. Defendants' actions toward and with respect to Mrs. Jahnke were unfair and deceptive acts and practices which are prohibited under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104 subsections (a), (b)(5), (b)(9), (b)(12), (b)(21), (b)(22), (b)(27) and any other applicable subsection.

- 7 -

**35.**     Defendants' actions toward and with respect to Mrs Jahnke were willful and knowing violations of the Tennessee Consumer Protection Act, Tenn. Code Ann § 47-18-101 *et seq*.

**36.**     Mrs. Jahnke has been damaged as a result of the Defendants' unfair and deceptive trade practices.

**37.**     Defendants are liable for violations of the Tennessee Consumer Protection Act based upon their own actions and the actions of Bankers Life employee and agent, Presha.

## NEGLIGENCE

**38.**     Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein.

**39.**     Defendants assumed a duty to Mrs. Jahnke to handle her affairs in a competent and professional manner and for her benefit. Defendants breached this duty. In fact, given the circumstances Defendants' breaches of duty constitute gross negligence. These breaches were the cause in fact and the proximate cause of damages sustained by Mrs. Jahnke.

**40.**     Bankers Life had the duty to use reasonable care in hiring, retaining and supervising Presha as their employee and agent and in ensuring that the investment products sold to Mrs Jahnke were as represented. Bankers Life breached this duty Bankers Life knew or reasonably should have known of Presha's misconduct. These

- 8 -

breaches were the cause in fact and the proximate cause of damages sustained by Mrs. Jahnke.

## BREACH OF FIDUCIARY DUTY

**41.** Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein.

**42.** Defendants have, by their own actions and by the actions of Bankers Life employee and agent Presha, assumed the role of a fiduciary with respect to Mrs. Jahnke. The Jahnkes placed their complete trust and confidence in Defendants expecting them to invest Mrs. Jahnke's funds in the investments they were offered.

**43.** Defendants have breached their fiduciary duty to Mrs. Jahnke by their own actions with respect to the handling of Mrs. Jahnke's investments. The facts giving rise to this breach of duty include, but are not limited to:

**43.1** Investing funds for Mrs. Jahnke that were not as promised, so that Defendants could earn money for themselves;

**43.2** Concealing the fact the Mrs. Jahnke's funds were not invested as promised;

**43.3** Failing to invest Mrs. Jahnke's money as promised after they had assumed the responsibility to do so; and,

**43.4** Failing to properly disclose the nature of the relationships between Presha and Bankers Life.

- 9 -

**44.**    Defendants also breached their fiduciary duties to Mrs. Jahnke by failing to provide accurate copies of the Bankers Life Annuity upon request and subsequently providing falsified documents before and after the Mrs. Jahnke executed the contract for the Bankers Life Annuity.

**45.**    Mrs. Jahnke has been damaged as a result of Defendants' breach of the fiduciary duties that they owed to her.

## VIOLATION OF THE TENNESSEE SECURITIES ACT

**46.**    Mrs. Jahnke incorporates all preceding paragraphs herein by reference as if fully set forth herein.

**47.**    Defendants' actions, described above, constitute violations of the Tennessee Securities Act of 1980, Tenn. Code Ann. §§ 48-2-101 *et seq.*, and the regulations promulgated thereunder. Defendants are therefore liable to Mrs. Jahnke for damages caused by their misconduct, as well as for costs of this suit, including reasonable attorneys' fees.

WHEREFORE, Mrs. Jahnke demands:

**1.**    That process issue against Defendants and that they be required to respond to this complaint as required by law.

**2.**    That Defendants be required to provide the Mrs. Jahnke with a full accounting of all the transactions in which the Defendants were involved on her behalf.

3. That a judgment be issued against Defendants, jointly and severally, for compensatory damages in an amount not less than $500,000.00

4. That a judgment be issued against Defendants, jointly and severally, for punitive damages, in an amount to be established at trial.

5. That Mrs Jahnke be awarded statutory damages as permitted under the Tennessee Consumer Protection Act, Tenn Code Ann § 47-18-101 *et seq*, including but not limited to treble damages for Defendants' willful and knowing violation of that act, attorneys' fees and costs

6. That Mrs. Jahnke be awarded statutory damages as permitted under the Tennessee Securities Act of 1980, Tenn. Code Ann § 48-2-101 *et seq.*, including but not limited to statutory damages set out in Tenn Code Ann § 48-2-122, and all costs, including attorneys' fees

7. That Mrs Janke be awarded pre- and post-judgment interest

8. That the issues in this action be tried before a jury of twelve as permitted by law

9. That Mrs. Jahnke be awarded such other general and equitable relief as the Court deems proper

DATED this 19th day of September, 2008.

                                Respectfully submitted,

                                *[signature]*

                                Nader Baydoun - 3077
                                Stephen C. Knight - 15514
                                Christopher J. Oliver - 20918
                                BAYDOUN & KNIGHT, PLLC
                                Fifth/Third Center
                                424 Church Street, Suite 2650
                                Nashville, Tennessee 37219-2461
                                P. (615) 256-7788
                                F (615) 256-6611

                                *Attorneys for the Plaintiff Linda Jahnke*